IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAUREEN PIEKANSKI,<br><br>*Plaintiff,*<br><br>v.<br><br>ALEX M. AZAR II, in his official capacity as Secretary of the United States Department of Health and Human Services,<br><br>*Defendant.* | No. 3:20-CV-00687<br><br><br>(HON. MARTIN CARLSON)<br><br><br><br>(Electronically Filed) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S "NOTICE"**

Plaintiff's "Notice" is not a motion, does not seek any particular relief, and should thus be disregarded. Even if the Court were to consider Plaintiff's "Notice," Plaintiff's suggestion that her summary judgment motion is "unopposed" is baseless and contrary to law. The Secretary filed his Motion to Stay Proceedings [Dkt. No. 32] and Motion to Dismiss [Dkt. No. 34] before his deadline to oppose Plaintiff's Motion for Summary Judgment [Dkt. No. 28]. The Secretary has repeatedly cited this Court's determination that "judicial resources are wasted by allowing a case to proceed as far as the summary judgment stage before declining to exercise jurisdiction." *See Star Ins. Co. v. Treible's Wrecker Service, Inc.*, 2013 WL 5603578, at *5 (M.D. Pa. Oct. 11, 2013) (Mariani, J.). Because Plaintiff lacks

1

standing under Supreme Court and Third Circuit law, filing an opposition to Plaintiff's premature summary judgment motion would be a waste of resources, and any ruling on Plaintiff's motion would merely be an advisory opinion.

Furthermore, Federal Rule of Civil Procedure 6(b) entitles a party to seek an extension of time to perform a required act.  When a request for the extension of a deadline is made by a party "*before* the original time or its extension expires," the Rule permits a court to grant the extension *after* the deadline passes.  *See* Fed. R. Civ. P. 6(b)(1)(A) (emphasis added).  *See also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 n.5 (1990); *Jordan v. U.S. Dep't of Justice*, 315 F. Supp. 3d 584, 594 (D.D.C. 2018).  "[R]equests for extensions of short durations are routine . . . . Also routine . . . is the fact that most motions are pending for several months before being resolved due to the press of the Court's business and the volume of substantive motions filed." *Jordan*, 315 F. Supp. 3d at 594 (citation omitted).  Because the Secretary's motion to stay was filed before his deadline to oppose summary judgment, the Secretary's opposition deadline has not been determined.

Respectfully submitted,


DAVID J. FREED
United States Attorney


/s/ Eric S. Wolfish
ERIC S. WOLFISH
Special Assistant United States Attorney
United States Department of Health and
Human Services
Office of the General Counsel, Region III
801 Market Street, Suite 9700
Philadelphia, PA 19107-3134
Email: eric.wolfish@hhs.gov
Phone: (215) 861-4511
Fax: (215) 861-4462


/s/ Navin Jani
NAVIN JANI
Assistant U.S. Attorney
228 Walnut Street
Suite 220
Harrisburg, PA 17108
(717) 221-4482
(717) 221-2246 (Facsimile)
navin.jani@usdoj.gov


Dated:   August 10, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, a true and correct copy of the foregoing Opposition to Plaintiff's "Notice" was filed and served upon all counsel of record through the Court's CM/ECF system.

/s/ Eric S. Wolfish
ERIC S. WOLFISH
Special Assistant United States Attorney

Dated: August 10, 2020