# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAUREEN PIEKANSKI<br><br>*Plaintiff,*<br><br>v.<br><br>ALEX M. AZAR II, in his official capacity as Secretary of the United States Department of Health and Human Services,<br><br>*Defendant.* | No. 3:20-CV-00687<br><br>(Judge Mariani)<br><br>(Magistrate Judge Carlson)<br><br>(Electronically Filed) |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER

DAVID J. FREED
United States Attorney

ERIC S. WOLFISH
Special Assistant United States Attorney
United States Department of Health
and Human Services
Office of the General Counsel, Region III
801 Market Street, Suite 9700
Philadelphia, PA 19107-3134
(215) 861-4511
eric.wolfish@hhs.gov

NAVIN JANI
Assistant U.S. Attorney
228 Walnut Street
Suite 220
Harrisburg, PA 17108
(717) 221-4482
navin.jani@usdoj.gov

*Attorneys for Defendant*

**I.      INTRODUCTION**

On September 1, 2020, Plaintiff sent a Notice of Deposition of Alex Azar Pursuant to Rule 30(b)(6) (the "Deposition Notice") by email to counsel for the Secretary of the Department of Health and Human Services (the "Secretary"). Although the Secretary informed Plaintiff that discovery is not permitted in appeals arising under 42 U.S.C. § 405(g), Plaintiff has refused to withdraw her Deposition Notice. Accordingly, under well-settled Third Circuit law, the Secretary's motion for protective order should be granted. *See Hummel v. Heckler,* 736 F.2d 91, 93 (3d Cir. 1984); *NVE v. Dep't of Health & Human Servs.*, 436 F.3d 182, 195 (3d. Cir. 2006).

**II.     BACKGROUD**

On September 1, 2020, Plaintiff sent a Deposition Notice, which seeks to depose a 30(b)(6) witness on September 11, 2020. *See* Ex. A to the Declaration of Eric Wolfish ("Wolfish Decl."). The subject of testimony is highly-granular data regarding ALJ appeals for fiscal years 2019 and 2020, such as the number of beneficiary vs. non-beneficiary appeals, and the number of appeals where beneficiaries were represented by counsel. *See id.*

On September 2, 2020, the Secretary sent a response letter to Plaintiff's counsel. *See* Wolfish Decl., Ex. B. The Secretary identified Third Circuit law precluding discovery in section 405(g) appeals, noted several additional reasons

why the Deposition Notice was improper, and asked Plaintiff to withdraw the Deposition Notice.  *Id.*  Later that afternoon, the parties conducted a teleconference and made a good faith effort to resolve by agreement the issues raised in this Motion without the intervention of the Court.  However, Plaintiff's counsel refused to withdraw the Deposition Notice, and the Secretary is now compelled to seek a protective order.

### III.     ARGUMENT

#### A.     There is No Discovery in Section 405(g) Appeals.

District courts have no fact-finding role in section 405(g) appeals, but are instead tasked with deciding whether the Secretary's final decision is supported by substantial evidence.  *See* 42 U.S.C. § 405(g); *Hummel*, 736 F.2d at 93.  Accordingly, the Third Circuit has concluded that discovery is unavailable, except with respect to the alleged bias of an ALJ:

> The Social Security Act contains no provision for pre-hearing discovery, and the Administrative Procedure Act does not provide for it. Thus, like most federal administrative proceedings, <u>no pre-hearing discovery is normally available.</u> The provision in section 405(g) authorizing orders for the taking of additional testimony should not, in our view, be construed as a means whereby the discovery provisions of the Federal Rules of Civil Procedure may be imported into the administrative adjudication scheme of the Act.

*Id.* (emphasis added).  *Hummel* expressly prohibits Plaintiff's attempt to import the discovery procedures of the Federal Rules of Civil Procedure into this section 405(g) appeal.

2

Similarly, in *NVE v. Dep't of Health & Human Servs.*, the Third Circuit recognized that there is "a strong presumption against discovery into administrative proceedings born out of the objective of preserving the integrity and independence of the administrative process." 436 F.3d at 195. The "only" exception to this rule is "in cases involving alleged bias on the part of an agency." *Id.* The sole exception to the rule against discovery does not does not apply here, because Plaintiff does not allege that the ALJ was biased. *Id.* Because the Third Circuit has closed the door on any of the purported reasons that Plaintiff may offer for the need to depose a HHS witness, a protective order should be issued.

### B. Even if Discovery were Permitted, a Protective Order Should be Issued.

Even if discovery were permitted, a protective order should still be issued for several reasons.

As a threshold matter, it is highly unusual to seek discovery in the midst of summary judgment briefing. Plaintiff's summary judgment brief put the Secretary's "full and fair opportunity to litigate" at issue (*see* Dkt. No. 28-15 at 14-15), and the Secretary filed his opposition in response to Plaintiff's argument. Plaintiff should not be permitted to conduct a deposition to bolster the evidentiary support for an argument raised in her opening brief.

Moreover, the requested deposition is unnecessary and unduly burdensome. As noted in the Secretary's summary judgment brief [Dkt. No. 50], data regarding

3

the number of ALJ appeals is publicly-available. *Id.* at 29. Although Plaintiff now seeks data at a higher level of granularity, that level of specificity is not required for the Court to decide whether it would be unfair to apply collateral estoppel offensively against the Secretary. There are thousands of ALJ appeals filed each year, which is sufficient to show constraints that "peculiarly affect the government" as opposed to private litigants. *Id.* at 27-31 (quoting *United States v. Mendoza*, 464 U.S. 154, 162-63 (1984)). In addition, the volume of ALJ appeals is but one of several reasons why collateral estoppel should not be used offensively against the Secretary in Medicare claim appeals. Because the highly-specific data that Plaintiff seeks is not material to deciding the parties' cross-motions for summary judgment, it would be unduly burdensome for the government to identify and defend a HHS witness for a deposition.

Finally, the Secretary's motion to dismiss is fully-briefed, and the Secretary should not have to bear the time and expense of a deposition before Plaintiff has met her burden to establish standing. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause.") (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)); *CNA v. United States*, 535 F.3d 132, 145-46 (3d Cir. 2008) (a district court "may dismiss for lack of subject matter jurisdiction at any time, regardless whether the moving party has filed an answer or the opposing party had an opportunity to conduct discovery.").

For that reason, even if Plaintiff is permitted to conduct a deposition before summary judgment briefing is complete, the Secretary would request that further summary judgment briefing and the deposition both be stayed until the Court has ruled upon the Secretary's motion to dismiss.  *See* Dkt. No. 32-2 (Defendant's Motion to Stay).

## IV.  **CONCLUSION**

For the foregoing reasons, the Secretary's motion for protective order should be granted and Plaintiff's Deposition Notice should be quashed.

Respectfully submitted,

DAVID J. FREED
United States Attorney


/s/ Eric S. Wolfish
ERIC S. WOLFISH
Special Assistant United States Attorney
United States Department of Health and Human Services
Office of the General Counsel, Region III
801 Market Street, Suite 9700
Philadelphia, PA 19107-3134
Email: eric.wolfish@hhs.gov
Phone: (215) 861-4511
Fax: (215) 861-4462


/s/ Navin Jani
NAVIN JANI
Assistant U.S. Attorney
228 Walnut Street
Suite 220
Harrisburg, PA 17108
(717) 221-4482
(717) 221-2246 (Facsimile)
navin.jani@usdoj.gov


Dated:   September 3, 2020

## **CERTIFICATION BY COUNSEL PURSUANT TO LOCAL RULE 26.3**

I, Eric S. Wolfish, hereby certify that, on September 2, 2020, I conferred with Plaintiff's counsel in a good faith effort to resolve by agreement the issues raised in this Motion without the intervention of the Court.  Agreement could not be reached because Plaintiff's counsel refused to withdraw the Deposition Notice.

                                             /s/ Eric S. Wolfish
                                             ERIC S. WOLFISH
                                             Special Assistant United States Attorney

Dated: September 3, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, a true and correct copy of the foregoing Memorandum of Law in Support of Motion for Protective Order was filed and served upon all counsel of record through the Court's CM/ECF system.

<div style="margin-left: 40%">

/s/ Eric S. Wolfish
ERIC S. WOLFISH
Special Assistant United States Attorney

</div>

Dated: September 3, 2020