# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAUREEN PIEKANSKI<br><br>*Plaintiff,*<br><br>v.<br><br>ALEX AZAR II, in his official capacity as the Secretary of the Department of Health and Human Services.<br><br>*Defendant.* | Case No. 3:20-cv-00687<br><br>(Hon. Martin Carlson)<br><br>Electronically Filed |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Mark W. Fidanza (PA320930)
**REED SMITH LLP**
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA  19103
215-851-8100
mfidanza@reedsmith.com

*Attorneys for Plaintiff*
*Maureen Piekanski*

Dated: September 7, 2020

I. **PRELIMINARY STATEMENT**

The Secretary's motion should be denied. Not even the Secretary believes his base claim that "discovery is not permitted in appeals under 42 U.S.C. § 405(g)" and he quickly retreats from it. Mot. at 1.

Mrs. Piekanski seeks discovery to rebut the arguments and non-record evidence offered in the Secretary's motion for summary judgment/opposition to Mrs. Piekanski's motion for summary judgment. *See* Dkt. #49 (the Secretary's "cross motion for summary judgment"); Dkt. #50 ("Brief in support of Defendant's cross-motion for summary judgment"). Without regard to the merits of the decisions giving rise to Mrs. Piekanski's claim, the Secretary asserts that, as a matter of equity, it would be "unfair" to apply collateral estoppel against the Secretary because "it would not be practicable for the Secretary to defend himself in thousands of ALJ appeals filed each year." Dkt. #50, at 29. In support of this argument, the Secretary relies on non-record evidence of alleged ALJ appeals. Mrs. Piekanski contends that this is wrong both legally and factually. Though given the opportunity to do so, the Secretary has refused to withdraw these arguments and non-record evidence. Accordingly, discovery of this relevant evidence needed to rebut the arguments and non-record evidence offered by the Secretary should proceed.

Likewise, the Secretary's procedural arguments should be rejected. That the Secretary has filed a motion to dismiss and feels that his motion should be granted

is no reason to deny Mrs. Piekanski the opportunity to rebut arguments and non-record evidence the Secretary offers in support of the Secretary's own motion for summary judgment. Indeed, so far, this Court has declined to grant the Secretary's motion to stay. *See* Dkt. #32 (motion to stay); Dkt. #45 (order that briefing continue). The Secretary's other arguments are equally without merit.

## II. LEGAL BACKGROUND

In cases arising under 42 U.S.C. § 405(g), discovery may be taken on matters that are ancillary/collateral to the merits of the underlying decision being appealed. Thus, for example, discovery has been allowed as to alleged bias by an assigned ALJ. *See, e.g., Hummel v. Heckler*, 736 F.2d 91, 93 (3rd Cir. 1984) (in some instances, "facts with respect to fairness of that proceeding can be developed only in the district court"). Discovery has been allowed on class certification issues. *See, e.g., Kuehner v. Heckler*, 778 F.2d 152, 156 (3rd Cir. 1985) ("On July 20, 1982, before discovery had been completed …"); *Jones v. Bowen*, 121 F.R.D. 344,348 (N.D. Ill. 1988) (subsequently amended on other grounds) ("Through discovery, plaintiffs have obtained …"). Discovery also has been allowed on equitable tolling issues. *See, e.g., Dixon v. Bowen*, 126 F.R.D. 483 (S.D. N.Y. 1989) (discovery of alleged secret policies). Accordingly, while discovery of whether a decision is supported by substantial evidence would not be appropriate, discovery of matters that are ancillary/collateral to the merits of the underlying decision may be

appropriate.

Of course, collateral estoppel is a common law doctrine barring the re-litigation of matters decided in a prior, final decision. Collateral estoppel has been applied (even offensively) in cases involving the United States for at least 100 years. *See, e.g., U.S. v. Moser*, 266 U.S. 236 (1924) (United States collaterally estopped from denying retirement benefits as a result of prior cases). Even if all the elements of collateral estoppel are present, offensive collateral estoppel may still not be applied if doing so would be "unfair" to a party. *See, e.g., Raytech Corp. v. White*, 54 F.3d 187, 195 (3rd Cir. 1995).

Pursuant to the Secretary's own regulations, when a beneficiary is not represented by counsel, the Secretary may not appear as a party before the ALJ, submit evidence, cross-examine witnesses, or present argument. *See* 42 C.F.R. §§ 405.1012; 405.1018; 405.1036. However, when the beneficiary is represented by counsel, the Secretary has all the rights of a litigant before the ALJ.

## III. FACTUAL BACKGROUND

This case was filed on November 26, 2019, in the Secretary's home district (the District of Columbia) and a motion for summary judgment based on collateral estoppel was filed simultaneously. Thereafter, the Secretary objected to venue in his home district and this case was severed from other plaintiffs and transferred to this district.

Mrs. Piekanski then filed an amended Complaint as well as a renewed motion for summary judgment based on collateral estoppel on June 12, 2020.  *See* Dkt. #27 and 28.  Pursuant to FED.R.CIV.P. 15(a)(3), the Secretary's Answer to the amended Complaint was due on June 26, 2020, but no Answer was filed.  Instead, the Secretary sought an extension of time to oppose Mrs. Piekanski's motion for summary judgment bringing the summary judgment opposition date to July 13, 2020.

On July 10, 2020, the Secretary filed a motion to dismiss as well as a motion to stay this case.  *See* Dkt. #32 and 34.  No opposition to Mrs. Piekanski's motion for summary judgment was filed on July 13, 2020.  Thereafter, Mrs. Piekanski timely opposed the Secretary's motions to dismiss and to stay.  *See* Dkt. #39 and 40.

Nearly four weeks after the Secretary's opposition to Mrs. Piekanski's motion for summary judgment was due, in response to a notice by Mrs. Piekanski, this Court ordered the Secretary to respond to the motion within 21 days.  *See* Dkt. #45.

On August 28, 2020, the Secretary filed a 35-page cross-motion for summary judgment on the issue of collateral estoppel as well as opposition to Mrs. Piekanski's motion for summary judgment.  Of particular relevance to the discovery sought by Mrs. Piekanski is the Secretary's argument that, regardless of whether all the other elements of collateral estoppel are present, that it would be "unfair" to apply collateral estoppel against the Secretary.  *See* Dkt. #50 at 27-31.  This is so, the

Secretary contends, because "it would not be practicable for the Secretary to defend himself in thousands of ALJ appeals filed each year." *Id.* at 29.  In support of this argument, the Secretary cites the non-final decision of another court (*Christenson*),[1] publications in the Federal Register, and filings by the Secretary in another case. *Id.* at n. 15.  Relying on this argument and non-record evidence, the Secretary asks this Court to enter summary judgment that collateral estoppel does not apply because it would be "unfair" to the Secretary.

    While Mrs. Piekanski believes that the Secretary's argument is legally flawed (because mutual, offensive collateral estoppel against the United States was affirmed in *U.S. v. Mendoza*, 464 U.S. 154 (1984)), Mrs. Piekanski also believes that the Secretary's argument is factually incorrect.  Accordingly, on September 1, 2020, Mrs. Piekanski served a FED.R.CIV.P. 30(b)(6) notice for a deposition on the narrow topic of how many ALJ appeals were filed in fiscal years 2018 and 2019 and in how many of those appeals were the beneficiaries represented (*i.e.*, those ALJ appeals where the Secretary was permitted to appear under his own regulations).  This information is needed both to oppose the Secretary's cross-motion as well as reply

---

[1] *Christenson v. Azar*, 2020 WL 3642315 (E.D. Wis. July 6, 2020).  While the Secretary cites the *Christenson* decision, the Secretary failed to inform this Court that the *Christenson* decision is non-final and is the subject of a motion for reconsideration and/or certification under 28 U.S.C. § 1292(b).  Briefing on that matter was completed on September 2, 2020 and the parties await a decision by the district court.

to the Secretary's opposition to Mrs. Piekanski's motion. Given a September 11 or 18, 2020, due date for those responsive papers, the deposition date was set for September 11, 2020 (*i.e.*, either the same day or seven days before the papers are due).[2]

On September 2, 2020, the parties met and conferred to discuss the FED.R.CIV.P. 30(b)(6) notice. During the meet and confer, Mrs. Piekanski's counsel informed the Secretary that Mrs. Piekanski was open to resolving this matter by avenues other than the deposition. In particular, Mrs. Piekanski's counsel offered to consider accepting the information in written form. In addition, Mrs. Piekanski's counsel offered to forgo the discovery entirely if the Secretary withdrew the "fairness" argument and the non-record evidence relied upon. The Secretary's counsel refused either alternative.

Thereafter, Mrs. Piekanski's counsel reminded the Secretary's counsel that, under the Rules of Civil Procedure, the Secretary bore the burden of obtaining either a stay of the deposition or an order barring the deposition prior to the time the deposition was scheduled. In light thereof, Mrs. Piekanski's counsel stated their availability for a conference with the Court at any time. Further, absent some order from the Court, Mrs. Piekanski's counsel stated their intention to go forward with

---

[2] Because the Secretary filed a combined cross-motion for summary judgment and opposition to Mrs. Piekanski's motion for summary judgment, it is unclear which date is the actual due date for a response.

the deposition. Subsequently, on September 3, 2020, the Secretary filed the present motion and does not appear to have taken any steps to secure a stay prior to the date set for the deposition.

## IV.   **DISCUSSION**

The Secretary's has not met his "heavy burden" to preclude discovery and his procedural arguments are likewise without merit.

### A.   **The Secretary Has Not Sustained His Burden.**

The Secretary's motion is silent as to which Rule, if any, it is brought under. For the purposes of this analysis, Mrs. Piekanski assumes that the motion is brought pursuant to FED.R.CIV.P. 26(c). As noted by Judge Mariani:

> The federal courts clearly favor the taking of depositions and will prohibit their use only on a heightened showing of good cause. *See, e.g., United States v. Mariani*, 178 F.R.D. 447, 448 (M.D. Pa. 1998) ("It is rare for a court to issue a protective order that prohibits a deposition. A party seeking to obtain a protective order to avoid the taking of a deposition bears a heavy burden.").

*See Elsevier, Inc. v. Comprehensive Microfilm & Scanning Services, Inc.*, 2013 WL 5797639 at *3 (M.D. Pa. Oct. 28, 2013) (Mariani, J.).

Further, numerous courts have held (and commentators discussed) the fact that the mere filing of a motion for protective order does not excuse a party from appearing for a noticed deposition. Instead, a party seeking to resist a deposition must, *prior to the time of the deposition*, either obtain a protective order or a stay of the deposition until a motion for protective order is ruled on. As one court cogently

stated:

> The mere filing of a motion for protective order does not relieve a deponent of his duty to appear at a deposition; instead, that duty is relieved only by obtaining either a protective order or an order staying the deposition pending resolution of the motion for protective order. *See, e.g.,* [*Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964)] ("unless [the movant] has obtained a court order that postpones or dispenses with his duty to appear, that duty remains"); *see also In re: Toys "R" Us-Delaware, Inc. Fair & Accurate Credit Transactions Act (FACTA) Litig.*, No. ML 08-1980 MMM (FMox), 2010 WL 4942645, at * 3 & n. 2 (C.D. Cal. July 29, 2010) (collecting cases, and finding failure to attend deposition was unexcused despite the pendency of a motion for protective order). Hence, "[a]t least with regard to depositions, the [protective] order should ordinarily be obtained before the date set for the discovery." 8A Wright, Miller, & Marcus, Federal Practice & Procedure, § 2035, at p. 151-52 (2010). Any other rule would allow litigants to engage in gamesmanship and "would be an intolerable clog upon the discovery process." *Pioche Mines*, 333 F.2d at 269.

*Nationstar Mortgage, LLC v. Flamingo Trails No. 7 Landscape Maintenance Assoc.*, 316 F.R.D. 327, 336-37 (D. Nev. 2016).

In the present case, though Mrs. Piekanski's counsel indicated their availability to discuss this matter with the Court, the Secretary has made no motion for stay or any apparent effort to obtain a ruling prior to the September 11, 2020 deposition date.

### B. The Discovery Sought Is Permissible.

Clearly, there is no bar to the deposition sought and the Secretary has not met his heavy burden. Mrs. Piekanski does not seek discovery "to probe the thought and decision making processes of judges and administrators", to otherwise supplement

the administrative record, or to address the correctness of the underlying decision being appealed. *NVE, Inc. v. Dept' of Health & Human Services*, 436 F.3d 182, 195 (3rd Cir. 2006).

The Secretary asserts that, regardless of the merits of the decision in Mrs. Piekanski's case, applying collateral estoppel would be "unfair" to the Secretary because there are so many cases that the Secretary cannot appear in them all.

Mrs. Piekanski seeks to rebut this claim by, *inter alia*, showing that there are vastly fewer ALJ appeals filed where the Secretary could actually appear. For example, the Secretary has published data indicating that ~5,000 beneficiary ALJ appeals are filed each year.[3] However, the publicly available data does not indicate how many of those appeals are by represented beneficiaries. Pursuant to the Secretary's regulations, it is only in the cases where the beneficiary is represented (like Mrs. Piekanski's) that the Secretary can appear. Thus, knowing this information is relevant to whether there are so many cases that it would be "unfair" to expect the Secretary to appear in them. For example, if there are only 10 cases each year in which the Secretary was permitted to appear, it would obviously not be "unfair" to expect the Secretary to appear in those cases. That is the narrow discovery Mrs. Piekanski seeks.

---

[3] *See* https://www.hhs.gov/about/agencies/omha/about/current-workload/beneficiary-appeals-data/index.html.

Given the Secretary's argument (and reliance on non-record evidence to support it), clearly it would be improper to preclude Mrs. Piekanski from rebutting it. The Secretary does not allege that there is any difficulty in providing the requested information and certainly has offered no evidence in support of such a claim.[4]

The Secretary has not met his "heavy burden" of showing good cause that the discovery should not be allowed.

### C. The Secretary's Procedural Arguments Are Without Merit.

The Secretary's contention that Mrs. Piekanski is seeking evidence to "bolster the evidentiary support" for Mrs. Piekanski's motion (Opp. at 3) is wide of the mark. First, with regard to Mrs. Piekanski's own motion, of course, Mrs. Piekanski asserts that the Secretary had a full and fair opportunity to contest the issues in the decision on which collateral estoppel is based. As Mrs. Piekanski understands it, the Secretary actually does not contest that matter. Instead, regardless of the Secretary's opportunities to appear below or the details of Mrs. Piekanski's case, the Secretary

---

[4] Indeed, providing this information should be a simple matter. In each case where a beneficiary is represented, the beneficiary must file an Appointment of Representation (AOR) form. On information and belief, in addition to other information regarding the amount in controversy, etc., the Office of Medicare Hearings and Appeals electronic docketing system records this information on an intake sheet. Thus, providing the requested information should be a simple matter of running a report. In any event, the Secretary has not met his burden of providing evidence otherwise.

asserts that it would be "unfair" to apply collateral estoppel against the Secretary and has offered non-record evidence in support of that claim. Thus, rather than seeking evidence to "bolster" Mrs. Piekanski's own motion, Mrs. Piekanski seeks discovery to rebut the Secretary's own claims.

Further, the Secretary has not simply opposed Mrs. Piekanski's motion. Rather, the Secretary has filed his own motion for summary judgment that collateral estoppel should not apply against the Secretary on alleged grounds of "fairness." *See* Dkt. #50 (cross motion). In support of this argument, the Secretary is relying on non-record evidence. Thus, Mrs. Piekanski seeks discovery to oppose the Secretary's own motion. Accordingly, Mrs. Piekanski's deposition notice is proper in every respect.

The Secretary next contends that the information sought "is not required for the Court to determine whether it would be unfair to apply collateral estoppel" and that the data relied on by the Secretary is "sufficient." Opp. at 3-4. Respectfully, those are matters that are disputed. At a minimum, the discovery sought is relevant to those issues and summary judgment of those issues has not been granted. That is, Mrs. Piekanski disputes that the data provided so far is "sufficient" and that this Court has the information required to determine alleged "fairness." Gathering the information necessary for the Court to make those decisions is the very purpose of discovery.

Next the Secretary asserts that he has multiple arguments as to why his motion for summary judgment that collateral estoppel does not apply should be granted. Opp. at 4. That the Secretary has multiple arguments is clearly no reason to preclude Mrs. Piekanksi from rebutting the Secretary's "fairness" argument, especially as the Secretary refuses to withdraw it.

The Secretary closes with the same claim the Secretary previously made regarding the Secretary's pending motion to dismiss. That is, the Secretary asserts that he should not have to provide discovery concerning his own motion for summary judgment because his motion to dismiss is (the Secretary predicts) going to be granted. This Court previously rejected that argument when it ordered the Secretary to respond to Mrs. Piekanski's motion for summary judgment. There is even less merit to that argument now when offered to preclude Mrs. Piekanski from rebutting arguments the Secretary makes in support of his own motion for summary judgment.

V. **CONCLUSION**

The Secretary's motion should be denied.

Respectfully submitted,

/s/ *Mark W. Fidanza*
**REED SMITH LLP**
Mark W. Fidanza (PA320930)
Three Logan Square
1717 Arch Street, Suite 3100

              Philadelphia, PA 19103
              (215) 851-8264
              MFidanza@reedsmith.com

              *Attorney for Plaintiff*
              *Maureen Piekanski*

Dated:  September 7, 2020

## **CERTIFICATE OF SERVICE**

I, Mark W. Fidanza, certify that a true and correct copy of the foregoing Plaintiff's Opposition to the Defendant's Motion for a Protective Order was filed electronically on September 7, 2020, is available for viewing and downloading from the federal court's ECF/CM system, and will by automatically served upon registered counsel of record by ECF/CM.

*/s/ Mark W. Fidanza*
Mark W. Fidanza