# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAUREEN PIEKANSKI<br><br>*Plaintiff,*<br><br>v.<br><br>ALEX M. AZAR II, in his official capacity as Secretary of the United States Department of Health and Human Services,<br><br>*Defendant.* | No. 3:20-CV-00687<br><br>(Judge Mariani)<br><br>(Magistrate Judge Carlson)<br><br>(Electronically Filed) |

## **DEFENDANT'S REPLY TO ITS MOTION FOR PROTECTIVE ORDER**

DAVID J. FREED
United States Attorney

ERIC S. WOLFISH
Special Assistant United States Attorney
United States Department of Health
and Human Services
Office of the General Counsel, Region III
801 Market Street, Suite 9700
Philadelphia, PA 19107-3134
(215) 861-4511
eric.wolfish@hhs.gov

NAVIN JANI
Assistant U.S. Attorney
228 Walnut Street
Suite 220
Harrisburg, PA 17108
(717) 221-4482
navin.jani@usdoj.gov

*Attorneys for Defendant*

## I.     INTRODUCTION

Because granting Plaintiff's requested discovery would require the Court to set aside binding Third Circuit law, the Secretary's motion for protective order should be granted. *See Hummel v. Heckler,* 736 F.2d 91, 93 (3d Cir. 1984); *NVE v. Dep't of Health & Human Servs.*, 436 F.3d 182, 195 (3d. Cir. 2006).

## II.    ARGUMENT

### A.    There is No Discovery in Section 405(g) Appeals.

Ignoring binding Third Circuit law, Plaintiff hypothesizes that "[i]n cases arising under 42 U.S.C. § 405(g), discovery may be taken on matters that are ancillary/collateral to the merits of the underlying decision being appeal." Dkt. No. 52 at 2 ("Pl. Opp."). Plaintiff's assertion that discovery is *allowed* on any issue other than the merits runs headlong into the Third Circuit's decision in *Hummel*, which held that:

- District courts have "no factfinding role" in section 405(g) appeals;

- Neither Section 405(g) nor the APA provide for pre-hearing discovery;

- "[N]o pre-hearing discovery is normally available" in section 405(g) appeals; and

- The Federal Rules of Civil Procedure should not be "imported into the administrative adjudication scheme" of section 405(g).

736 F.2d at 93.  Although *Hummel* allowed discovery as to the bias of an ALJ, that limited exception is indisputably not at issue here.  *Id.* at 95; Pl. Opp. at 8-9.

Plaintiff also ignores the Third Circuit's decision in *NVE*, which held that there is a "strong presumption against discovery into administrative proceedings born out of the objective of preserving the integrity and independence of the administrative process."  436 F.3d at 195.  Holding that the "only" exception is "in cases involving alleged bias on the part of an agency," the Third Circuit anticipated – and rejected – attempts such as this carve out new exceptions to the rule against discovery.  *Id.*  Neither Plaintiff's desire for highly-granular data regarding ALJ appeals nor the Secretary's purported reliance on non-record evidence provides a valid basis for allowing discovery in a section 405(g) appeal.

Meanwhile, Plaintiff's cited class action cases are inapposite.  Pl. Opp, at 2.  Plaintiff's quote from *Kuehner v. Heckler* is taken from the "procedural history" section and it is unclear which party took discovery, what discovery – if any – was taken, what the scope of discovery was, or whether the taking of discovery was litigated.  778 F.2d 152, 156 (3d Cir. 1985).  Accordingly, *Kuehner* is not instructive.

Plaintiff's reliance on district court opinions from other circuits is also misplaced, given that Third Circuit law is controlling.  Indeed, Plaintiff cites a decision by the Northern District of Illinois despite Seventh Circuit precedent that

the Secretary is entitled to a protective order in response to a plaintiff's discovery request in a section 405(g) appeal. *See Papendick v. Sullivan*, 969 F.2d 298, 302 (7th Cir. 1992) ("It is clear from the statute that a district court may not consider evidence outside the certified record. But that is what [plaintiff's] discovery requests sought. The court, therefore, did not abuse its discretion" by granting a protective order), *overruled on other grounds*, *Johnson v. Apfel*, 189 F.3d 561 (7th Cir. 1999). In any event, none of Plaintiff's highly-distinguishable cases stand for the proposition that discovery is generally available in section 405(g) cases.

**B.     The Secretary Has Not Introduced any "Non-Record" Evidence.**

Although Plaintiff asks the Court to set aside Third Circuit law and allow her requested discovery, the basis she provides for that extraordinary relief is factually inaccurate. The Secretary did not rely upon "non-record" evidence regarding the number of ALJ appeals, but instead cited the district court's decision in *Christenson v. Azar*, 2020 WL 3642315 (E.D. Wis. July 6, 2020), which states:

> The Secretary argues that it is administratively impossible to attend each ALJ hearing, noting that there were over 650,000 appeals pending as of September 2016. Def.'s Br. at 28. Plaintiffs dispute this figure, contending there are significantly fewer beneficiary ALJ appeals filed annually (5,148 in 2019), but the court accepts that even several thousand beneficiary appeals filed annually makes it virtually impossible for the Secretary to be represented at every ALJ-level hearing.

*Id.* at *7. *See* Dkt. No. 50 at 29 ("D. MSJ Br."). Because the Secretary cites a

3

judicial decision, he has not introduced "non-record" evidence.

In addition, footnote 15 of Defendant's summary judgment brief merely provides two citations supporting the *Christenson* decision. *Id.* at 29. The Secretary cites the same statistic from the Federal Register cited in *Christenson*. As a convenience to Plaintiff, the Secretary also cited a publicly-filed status report that Plaintiff's counsel recently attached as an exhibit in a TTFT case pending in the Eastern District of Pennsylvania. *See Oxenberg v. Azar*, 20-cv-738, Dkt. No. 23-1, Declaration of James C. Pistorino dated May 4, 2020 (Exhibit I).[1] To the extent that Plaintiff now objects to that status report as "non-record evidence," the Secretary has no objection to the Court disregarding it.[2]

In any event, the usefulness of Plaintiff's requested discovery is questionable given that the *Christenson* court ruled on summary judgment without it. More importantly, the Third Circuit has repeatedly recognized that section 405(g) appeals are not comparable to traditional litigation, and allowing discovery

---

[1] Although Mr. Pistorino has not entered an appearance in this action, he represented Plaintiff during the parties' September 2, 2020 meet-and-confer and is referred to as "Mrs. Piekanski's counsel." Pl. Opp. at 6.

[2] Plaintiff's concern about the introduction of "non-record" evidence weighs against generating new evidence outside the administrative record by deposing a HHS witness. Plaintiff remains free to file a motion to exclude footnote 15, but appears unlikely to do so, because his opposition cites "non-record" evidence from CMS's website (Pl. Opp. at 9), and his motion for summary judgment relies extensively on evidence that was not before the ALJ at the time he rendered his decision. *See* D. MSJ Br. at 32-34.

Case 3:20-cv-00687-RDM   Document 53   Filed 09/08/20   Page 6 of 8

whenever a party desired information would contravene that binding precedent. *See NVE*, 436 F.3d at 195 (prohibiting discovery based on speculation that the administrative record was incomplete).

### III. <u>CONCLUSION</u>

For the foregoing reasons, the Secretary's motion for protective order should be granted and Plaintiff's Deposition Notice should be quashed.

Respectfully submitted,

DAVID J. FREED
United States Attorney

/s/ Eric S. Wolfish
ERIC S. WOLFISH
Special Assistant United States Attorney
United States Department of Health and Human Services
Office of the General Counsel, Region III
801 Market Street, Suite 9700
Philadelphia, PA 19107-3134
Email: eric.wolfish@hhs.gov
Phone: (215) 861-4511
Fax: (215) 861-4462

/s/ Navin Jani
NAVIN JANI
Assistant U.S. Attorney
228 Walnut Street
Suite 220
Harrisburg, PA 17108
(717) 221-4482
(717) 221-2246 (Facsimile)
navin.jani@usdoj.gov

Dated:   September 8, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, a true and correct copy of the foregoing Reply to Defendant's Motion for Protective Order was filed and served upon all counsel of record through the Court's CM/ECF system.

        /s/ Eric S. Wolfish
        ERIC S. WOLFISH
        Special Assistant United States Attorney

Dated: September 8, 2020