## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

MAUREEN PIEKANSKI

    *Plaintiff,*

    v.

ALEX AZAR II, in his official capacity
as the Secretary of the Department of
Health and Human Services.

    *Defendant.*

Case No. 3:20-cv-00687

(Hon. Martin Carlson)

Electronically Filed

---

**PLAINTIFF'S MOTION TO DENY DEFENDANT'S CROSS-MOTION
FOR SUMMARY JUDGMENT OR STAY PROCEEDINGS; OR TO
STRIKE DEFENDANT'S FACTUAL ASSERTION PURSUANT TO
F.R.C.P. 56(d)**

---

Mark W. Fidanza (PA320930)
**REED SMITH LLP**
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA  19103
215-851-8100
mfidanza@reedsmith.com

Bridget Noonan (PA314492)
**Parrish Law Offices**
788 Washington Road
Pittsburgh, PA 15228
412-561-6250
bridget@dparrishlaw.com

*Attorneys for Plaintiff Maureen Piekanski*

Dated: September 18, 2020

## I.    PRELIMINARY STATEMENT

Plaintiff Maureen Piekanski seeks an Order either denying or staying the proceedings pursuant to Fed.R.Civ.P. 56(d).  Alternatively, Mrs. Piekanski seeks an Order striking the Secretary's factual assertion regarding beneficiary appeal volumes before the Office of Medicare Hearings and Appeals (OMHA) as noted in his Cross-Motion for Summary Judgment (Dkt. #50 at 29) pursuant to Fed.R. Civ.Proc.56(d).  Mrs. Piekanski cannot respond to this element of the Secretary's Cross-Motion as she does not have the facts necessary to do.  Not supported by an administrative record cite, Mrs. Piekanski previously attempted to elicit more specific data by way of a deposition.  The Secretary quashed Mrs. Piekanski's effort.  Dkt. #55.  The Secretary's facts speak directly to the fairness of applying collateral estoppel, a consideration this Court must determine to dispose of the Cross-Motion.  In such cases, the Secretary's motion should be denied or these proceedings stayed to allow for discovery.  Alternatively, Mrs. Piekanski requests that the assertion regarding purportedly burdensome appeal volumes be stricken.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) affords summary judgment if "the movant shows that there is no genuine dispute as to any material fact." Necessarily, the rule contemplates that non-movants may not have all the facts to respond to motions for summary judgment.  Specifically, Fed. R. Civ. P. 56(d)

provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

In support of seeking discovery under Fed.R.Civ.P. 56(d), a party must "'submit an affidavit specifying, for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained.'" *Pepe v. Cavalry SPV I, LLC*, Civ. No. 2:15-08634 WJM, 2016 WL 3027335, 2 (D.N.J. May 26, 2016) (quoting *Dowling v. City of Phila.*, 855 F.2d 136, 139-140 (3d Cir 1988)).

Indeed, district courts "usually grant properly filed requests for discovery under Rule 56(d) 'as a matter of course'" when non-movants are responding to summary judgment motions. *Shelton v. Bledsoe*, 775 F.3d 554, 568 (3d Cir. 2015) (internal citations omitted). This is especially the case where "relevant facts are under control of the party moving for summary judgment." *Id.* (citing *Murphy v. Millennium Radio Grp. LLC*, 650 F.3d 295, 310 (3d Cir. 2011). Unless discovery requests relate to facts that are not material, "a district court is rarely justified in granting summary judgment" for the movant if discovery is deficient. *Shelton*, 775 F.3d at 568.

Notably, the Third Circuit considers whether a party had a "full and fair" opportunity to litigate relevant issues in prior actions in its application of collateral estoppel. *See e.g.*, *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006).

III.   **PLAINTIFF CANNOT RESPOND TO THE SECRETARY'S CROSS-MOTION FOR SUMMARY JUDGMENT**

The Secretary contends in his Cross-Motion for Summary Judgment that beneficiary appeal volumes are so burdensome that he cannot appear before ALJs within OMHA to defend his coverage denials, rendering the application of collateral estoppel in Mrs. Piekanski's case unfair.  Dkt. #50 at 29.   Mrs. Piekanski cannot oppose the Cross-Motion without the only relevant facts in this regard, the number of ALJ appeals initiated by beneficiaries who are represented by counsel in FYs 2018 and 2019.  A denial or stay of the Secretary's Cross-Motion is therefore appropriate pursuant to Fed.R.Civ.P. 56(d).  Alternatively, the Secretary's appeal data should be stricken so he cannot rely upon such data to justify his position that applying collateral estoppel would be unfair.

The facts sought by Mrs. Piekanski are material to the Secretary's position as they address the fairness of applying collateral estoppel against the Secretary. Specifically, discovering the number of ALJ hearings initiated by represented beneficiaries, like Mrs. Piekanski, in FYs 2018 and 2019 would provide the universe of ALJ hearings that the Secretary may have actually participated in to

defend his coverage denials during the time of Mrs. Piekanski's prior hearings that resulted in coverage.   Here, the Secretary relies upon aggregate ALJ appeal estimates (in one instance, from 2016) to justify his position that he could not attend hearings due to their volume, thereby preventing a full and fair opportunity to litigate the reasonableness and necessity of TTFT.   Dkt. #50 at 29.   However, the Secretary has the full panoply of rights as a litigant (calling witnesses, providing testimony, etc.) in a much smaller subset of hearings, those wherein a represented beneficiary initiated the ALJ appeal.   Dkt. #28-15 at 15.   This is the subset of ALJ hearings that would be relevant to the Secretary's fairness argument.

As noted above, the Third Circuit considers whether a party has had a full and fair opportunity to litigate issues when choosing whether to apply collateral estoppel against that party.   As the Secretary's use of appeal volumes speaks directly to fairness ("it would not be practicable for the Secretary to defend himself in thousands of ALJ appeals filed each year," Dkt. #50 at 29), the accurate, relevant number of beneficiary-initiated ALJ hearings is material to the Secretary's argument and necessary for Mrs. Piekanski's opposition.   Summary judgment in favor of the Secretary would be precluded in the event Plaintiff cannot obtain the relevant data.

The relevant data is within the exclusive control of the Secretary.   The publicly available data (Dkt. #50 at 29, fn. 15) is not specific to ALJ appeals

initiated by beneficiaries represented by counsel.  Mrs. Piekanski sought this data, notifying the Secretary on September 1, 2020 of a deposition.  However, the Secretary sought a protective order, which was granted.  Dkt. #55.

Granting discovery regarding the number of appeals filed by beneficiaries represented by counsel in FYs 2018 and 2019 would be appropriate pursuant to Fed. R. Civ. P. 56(d) as Mrs. Piekanski cannot respond to the Secretary's contention that applying collateral estoppel would be unfair without this information.

Alternatively, Mrs. Piekanski requests that the Court strike this portion of the Secretary's brief.  The Secretary has not offered any record cites supporting the impracticality of appearing in beneficiary appeals where the beneficiary is represented by counsel, nor does he offer up these facts in his Statement of Undisputed Material Facts (Dkt. #50-2).  Instead, the Secretary relies on non-record evidence in support of this argument.  Having resisted Mrs. Piekanski's effort to actually discover or rebut the facts, the Secretary should not be able to unilaterally offer alleged, non-record, facts in support of his argument.

## IV.   <u>CONCLUSION</u>

Mrs. Piekanski requests that the Secretary's Cross-Motion for Summary Judgment be denied or stayed pending discovery.  Such discovery would be limited to data on the number of ALJ hearings initiated by beneficiaries represented by

counsel, to determine whether this volume would prevent the Secretary's full and fair opportunity to litigate Mrs. Piekanski's claims before an ALJ.  This data speaks directly to whether collateral estoppel could be applied fairly against the Secretary and is essential to disposing of his motion.

Alternatively, Mrs. Piekanski requests that his assertions regarding appeal volumes be stricken, so that he cannot rely upon vague, irrelevant estimates to argue that the application of collateral estoppel would be unfair.

Respectfully submitted,

*/s/ Mark W. Fidanza*
Mark W. Fidanza (PA320930)
**REED SMITH LLP**
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA  19103
215-851-8100
mfidanza@reedsmith.com

Bridget Noonan (PA314492)
**Parrish Law Offices**
788 Washington Road
Pittsburgh, PA 15228
412-561-6250
bridget@dparrishlaw.com

*Attorneys for Plaintiff Maureen Piekanski*

Dated:  September 18, 2020