## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAUREEN PIEKANSKI | No. 3:20-CV-00687 |
| *Plaintiff,* | |
| v. | |
| | (Judge Mariani) |
| ALEX M. AZAR II, in his official capacity as Secretary of the United States Department of Health and Human Services, | (Magistrate Judge Carlson) |
| | (Electronically Filed) |
| *Defendant.* | |

## DEFENDANT'S REPLY TO HIS CROSS-MOTION FOR SUMMARY JUDGMENT

DAVID J. FREED
United States Attorney

ERIC S. WOLFISH
Special Assistant United States Attorney
United States Department of Health
and Human Services
Office of the General Counsel, Region III
801 Market Street, Suite 9700
Philadelphia, PA 19107-3134
(215) 861-4511
eric.wolfish@hhs.gov

NAVIN JANI
Assistant U.S. Attorney
228 Walnut Street
Suite 220
Harrisburg, PA 17108
(717) 221-4482
navin.jani@usdoj.gov

*Attorneys for Defendant*

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION..................................................................................1

II.     STANDARD OF REVIEW....................................................................2

III.    ARGUMENT ........................................................................................4

      A. The Common Law Doctrine of Collateral Estoppel
         is Inapplicable to ALJ Decisions in Medicare Claim
         Appeals ........................................................................................4

            1.  Plaintiff's application of collateral estoppel is
                contrary to congressional intent ……………………………..4

            2.  Plaintiff's application of collateral estoppel is
                contrary to the Medicare regulations and agency
                practice ……………………………………………………8

      B. Plaintiff has Failed to Satisfy the Elements of Collateral
         Estoppel …………….............................................................11

      C. The Doctrine of Changed Circumstances Bars Plaintiff's
         Assertion of Collateral Estoppel……………………………….13

            1.  The doctrine of changed circumstances prevents
                the application of collateral estoppel to the claim
                on appeal ……………………………………………………14

            2.  The doctrine of changed circumstances prevents
                the application of collateral estoppel on a going
                forward basis ……………………………………………...15

      D. It would be Unfair to Apply Collateral Estoppel
         Offensively against the Secretary …………………………….16

E.  Plaintiff's Irrelevant Evidence and Argument
    Outside of the Administrative Record are Inadmissible …………19

    1.  Plaintiff's subsequent favorable decisions
        are inadmissible …...............................................................19

    2.  Plaintiff's subsequent favorable decisions
        are irrelevant to collateral estoppel …................................20

    3.  Plaintiff's unsupported assertions should
        be excluded …………………….........................................22

F.  Plaintiff has Abandoned all Claims other than
    Collateral Estoppel .......................................................................23

CONCLUSION ..........................................................................................24

# TABLE OF AUTHORITIES

## FEDERAL CASES                                                              PAGES

*Adkins v. Nestle Purina Petcare Co.*,
   779 F.3d 481 (7th Cir. 2015) ...............................................................21

*Almy v. Sebelius*,
   679 F.3d 297 (4th Cir. 2012) .................................................. 6, 7, 11

*Astoria Fed. Sav. & Loan Ass'n v. Solimino*,
   501 U.S. 104 (1991) ................................................................ 4, 5, 12

*Balko & Assocs., Inc. v. Sec. U.S. Dep't of Health & Human Servs.*,
   555 F. App'x 188 (3d Cir. 2014) ........................................ 1, 3, 6, 7, 8

*Becker v. Sebelius*,
   2014 WL 2711958 (D.N.J. June 14, 2014) ..........................................7

*Brown v. City of Syracuse*,
   673 F.3d 141 (2d Cir. 2012) ...............................................................24

*Chicago, R.I. & P. RY, Co., v. Elder*,
   270 U.S. 611 (1926) ...........................................................................22

*Christenson v. Azar*,
   2020 WL 3642315 (E.D. Wis. July 6, 2020).................................. 8, 9, 13, 16, 17

*DeWall Enterprises, Inc., v. Thompson*,
   206 F. Supp. 2d 992 (D. Neb. 2002) ....................................................7

*Duvall v. Atty. Gen. of U.S.*,
   436 F.3d 382 (3d Cir. 2006) ...........................................................4, 8

*Friedman v. Sebelius*,
   686 F.3d 813 (D.C. Cir. 2012)..............................................................2

*Hynek v. Astrue*,
   2012 WL 460473 (D. Montana Feb. 13, 2012) ....................................9

*Int'l Rehab. Sci. Inc. v. Sebelius*,
 688 F.3d 994 (9th Cir. 2012) ........................................................... 14, 15

*Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*,
 458 F.3d 244 (3d Cir. 2006) ...............................................................21

*John Balko & Assocs. v. Sebelius*,
 2012 WL 6738246 (W.D. Pa. Dec. 28, 2012) ........................................2

*Johnson v. Berryhill*,
 2018 WL 7813741 (E.D. Pa. Dec. 19, 2018) ......................................20

*Karns v. Shanahan*,
 879 F.3d 504 (3d Cir. 2018) ...............................................................13

*Matthews v. Apfel*,
 239 F.3d 589 (3d Cir. 2001) ...............................................................20

*Montana v. United States*,
 440 U.S. 147 (1979) ...........................................................................13

*Motor Vehicle Mfr.'s Ass'n v. State Farm Mut. Auto. Ins. Co.*,
 463 U.S. 29 (1983) ...............................................................................3

*Ojebuoboh v. Sebelius*,
 2012 WL 1932043 (E.D.N.C. May 29, 2012) .......................................7

*Porzecanski v. Azar*,
 943 F.3d 472 (D.C. Cir. 2019) ......................................................... 9, 12

*Purter v. Heckler*,
 771 F.2d 682 (3d Cir. 1985) .................................................................4

*Rashid v. Hazleton*,
 1996 WL 114809 (E.D. Pa. March 14, 1996) .....................................22

*Regions Hosp. v. Shalala*,
 522 U.S. 448 (1998) ...........................................................................12

*Sturges v. Colvin*,
  2014 WL 1682021 (M.D. Pa. Apr. 28, 2014) .......................................................20

*Taransky v. Sec. U.S. Dep't of Health & Human Servs.*,
  760 F.3d 307 (3d Cir. 2014) .......................................................... 1, 9, 10, 11, 15

*United States v. 5 Unlabeled Boxes*,
  572 F.3d 169 (3d Cir. 2009) ................................................................................21

*United States v. Pelullo*,
  399 F.3d 197 (3d Cir. 2005) ................................................................................23

*Ware v. Hosp. of the Univ. of Pa.*,
  2016 WL 4702117 (E.D. Pa. Sept. 8, 2016)........................................................23

*Wilson v. Saul*,
  2019 WL 7628808 (M.D. Pa. Aug. 15, 2019).........................................................2

## **FEDERAL STATUTES**

42 U.S.C. § 405(g) ......................................................................................................20

42 U.S.C. § 1320a-7(b) .................................................................................................2

42 U.S.C. § 1395ff(d)(2)(B) ............................................................................... 1, 5, 6, 8

## **FEDERAL REGULATIONS**

42 C.F.R. § 401.109(d) ................................................................................................9

42 C.F.R. § 405.902 .....................................................................................................5

42 C.F.R. § 405.1000(d) ..............................................................................................7

42 C.F.R. § 405.1062(b) .............................................................................................10

42 C.F.R. § 405.1100(d) ..............................................................................................6

42 C.F.R. § 498.40 .....................................................................................................18

## I.  __INTRODUCTION__

The sole issue to be decided in this case is this:  Was the Secretary estopped from denying the claim for Medicare coverage presently on appeal because another ALJ allowed coverage for certain other months of Plaintiff's TTFT claims?  Under binding Third Circuit law, which Plaintiff simply ignores, the answer is clearly "no."  In *Taransky v. Sec. U.S. Dep't of Health & Human Servs.*, 760 F.3d 307, 319 (3d Cir. 2014), the Third Circuit held that the Council is "free to depart from" ALJ decisions "without concern," because "only [the Council's] decisions have legal significance."  The court explained that the Council owes no deference to, and is not bound by, ALJ decisions, which do not "carry the full imprimatur of the Secretary's authority."  *Id.* (citation omitted).

Likewise, in *Balko & Assocs., Inc. v. Sec. U.S. Dep't of Health & Human Servs.*, 555 F. App'x 188, 193-94 (3d Cir. 2014), the Third Circuit found that the Council's statutory duty to review ALJ decisions "de novo" means that the Council "is not obligated to defer to the outcomes of prior decisions below."  (citing 42 U.S.C. § 1395ff(d)(2)(B)).  Accordingly, the Third Circuit has conclusively rejected Plaintiff's argument that ALJ rulings are binding in subsequent claim appeals.  Meanwhile, Plaintiff fails to cite even a single case holding that an ALJ's claim determination is binding in future cases for the same treatment.  Because Plaintiff's collateral estoppel argument is contrary to Third Circuit law, summary

judgment should be granted in the Secretary's favor.

In addition, Plaintiff has failed to satisfy the elements of collateral estoppel. Identical issues were neither decided nor litigated in her claim appeals, and the controlling facts and legal principles changed significantly in the time after her favorable claim appeal was decided.[1]  Finally, Plaintiff does not dispute many of the reasons why offensive collateral estoppel in this context would be unfair to the Secretary.  If the Secretary prevails on any of these arguments, summary judgment should be granted in his favor.

## II.    STANDARD OF REVIEW

Plaintiff does not dispute that, in cases arising under section 405(g), the Third Circuit reviews an ALJ's findings under the "substantial evidence" standard and conducts a plenary review as to the Secretary's application of the relevant law. *See* D. MSJ Br. at 11 [Dkt. No. 50].  Yet, Plaintiff cites an inapposite decision that applied the APA in a case involving exclusion from participation in federal health programs under 42 U.S.C. § 1320a-7(b).  P. Reply at 5 (citing *Friedman v. Sebelius*, 686 F.3d 813, 826-27 (D.C. Cir. 2012)).  The Third Circuit, however, does not import APA review into cases arising under section 405(g).  *See, e.g.*, *Wilson v. Saul*, 2019 WL 7628808, at *8 (M.D. Pa. Aug. 15, 2019); *John Balko &*

---

[1] As discussed in Section III.E below, Plaintiff's subsequent favorable decisions, which are dated at least six months *after* the instant decision on appeal, are inadmissible and irrelevant for purposes of collateral estoppel.

2

*Assocs. v. Sebelius*, 2012 WL 6738246, at *4-5 (W.D. Pa. Dec. 28, 2012), *aff'd sub nom. Balko*, 555 F. App'x 188 ("[T]he Court will not apply the standard of review set forth in § 706(2)(A), but instead will only apply the standard of review set forth in § 405(g).").

Even under the APA standard of review, the ALJ decision on appeal was not arbitrary and capricious. *See Motor Vehicle Mfr.'s Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (the "scope of review under the arbitrary and capricious standard is narrow and a court is not to substitute its judgment for that of the agency."). Given that Plaintiff *never* raised her collateral estoppel argument before the ALJ whose ruling is presently on appeal, the ALJ's decision not to be bound by an earlier ALJ ruling could not be arbitrary and capricious.[2]

At a minimum, Plaintiff does not contest that the "substantial evidence" test applies to "factual conclusions" in appeals arising under section 405(g). P. Reply at 5. Because Plaintiff's subsequent favorable decisions were not before the ALJ who rendered the decision on appeal, there was no reason for the ALJ to make any findings regarding those decisions. Therefore, it cannot be said, nor does Plaintiff argue, that the ALJ decision at issue was based on less than substantial evidence.

---

[2] Despite attaching ALJ Gulin's prior favorable decision, Plaintiff did not assert collateral estoppel before ALJ Glaze in her Prehearing Brief (AR at 3175-3180) or at oral argument (AR at 4160-4179).

III.   **ARGUMENT**

A.   **The Common Law Doctrine of Collateral Estoppel is Inapplicable to ALJ Decisions in Medicare Claim Appeals.**

1.   **Plaintiff's application of collateral estoppel is contrary to congressional intent.**

In *Duvall v. Atty. Gen. of U.S.*, 436 F.3d 382 (3d Cir. 2006), the Third

Circuit noted that the common law doctrine of "[c]ollateral estoppel is not

constitutionally mandated" and is enforced "[o]nly if Congress required the agency

to apply collateral estoppel." *Id.* at 387 (citing *Astoria Fed. Sav. & Loan Ass'n v.*

*Solimino*, 501 U.S. 104, 108-11 (1991)).  Although there is an interpretative

presumption favoring collateral estoppel when agencies act in an adjudicatory

capacity, the application of collateral estoppel cannot "frustrate congressional

intent or impede the effective functioning of the agency." *Id.* at 387-88 (citing

*Astoria*, 501 U.S. at 108-11).  Congressional intent may be evinced "expressly or

impliedly"; a "clear statement" against the application of collateral estoppel is not

required.  *See Astoria*, 501 U.S. at 108-10.

Furthermore, the application of estoppel to administrative proceedings under

the Social Security Act is "not encrusted with the rigid finality that characterizes its

application in purely judicial proceedings." *Purter v. Heckler*, 771 F.2d 682, 691

(3d Cir. 1985).  "[R]efusal to apply 'administrative' res judicata in a strictly

technical fashion is consistent with this circuit's view that more significance

4

should be placed on fairness in the administrative process than on the finality of administrative judgments." *Id.* at 693.

Here, congressional intent unambiguously forbids the application of collateral estoppel.  In reviewing an ALJ decision, "the Departmental Appeals Board shall review the case de novo."  42 U.S.C. § 1395ff(d)(2)(B).[3]  Plaintiff's assertion is that, once ALJ Gulin issued a favorable decision on November 7, 2018, the Council was forever estopped from denying her TTFT claims.  P. Reply at 24-25.  Under those circumstances, however, Council review would serve no purpose; instead, the Council would be compelled to rubber stamp Plaintiff's coverage. Along the same lines, Council review would no longer be "de novo."  Indeed, it is logically impossible for the Council to be estopped by ALJ Gulin's factual and legal conclusions while simultaneously giving those conclusions no weight for purposes of *de novo* review.  Because collateral estoppel would thus render Council review and the *de novo* review requirement both meaningless, it cannot be applied here.  *See Astoria*, 501 U.S. at 11-12 (refusing to apply collateral estoppel where it would render a statutory provision "essentially without any effect").

The Third Circuit has concluded as much.  In *Taransky*, plaintiff appealed under section 405(g), seeking to enforce a state court order that excluded Medicare

---

[3] The Medicare Appeals Council is a component of the Departmental Appeals Board.  *See* 42 C.F.R. § 405.902.

5

expenses from her personal injury settlement (thereby limiting her Medicare

Secondary Payer debt).  760 F.3d at 310-12.  Taransky argued that the Council's

decision was "inconsistent with previous determinations by QICs and ALJs" that

had recognized the validity of "almost identical orders" by state courts.  *Id.* at 319.

The Third Circuit, however, held as follows:

> [T]he Appeals Council is free to depart from these lower agency rulings
> without concern, as only its decisions have legal significance.
> "Nowhere does any policy or regulation suggest that the [Appeals
> Council] owes any deference at all to—much less is bound by—
> decisions of lower reviewing bodies addressing different disputes
> between different parties."  *Almy v. Sebelius*, 679 F.3d 297, 310 (4th
> Cir. 2012).

*Id.* at 319 (alteration in original).  Notably, the sentence in the *Almy* decision

immediately preceding the Third Circuit's quotation states:  "[T]he [Council] is

explicitly charged with undertaking *de novo* review . . . , *see* 42 U.S.C.

§ 1395ff(d)(2)(B); 42 C.F.R. § 405.1100(d), which is incompatible with

[plaintiff's] proffered notion that the [Council] is somehow obligated to defer to

the outcomes of prior decisions below."  679 F.3d at 310.

Likewise, in *Balko*, plaintiff argued that the Council erred by overturning an

ALJ's credibility determinations.  555 F. App'x at 193.  The Third Circuit held that

plaintiff's argument "misunderstands the review process in these proceedings,"

because the Council's "review of the ALJ's findings is *de novo* and [the Council]

'is not obligated to defer to the outcomes of prior decisions below.'"  *Id.* at 193-94

(citing *Almy*, 679 F.3d at 310 and section 1395ff(d)(2)(B)).  Accordingly, "even if the ALJ had made credibility findings, [the Council] justifiably could have reached a different conclusion under its mandate to apply *de novo* review."  *Id.* at 194.  Likewise, even though ALJ Gulin found that one of Plaintiff's claims should be covered, his decision was not binding in any other claim appeal, and the agency could justifiably have reached different conclusions.[4]

Other courts have similarly held that the *de novo* review requirement is incompatible with the collateral estoppel doctrine.  *See, e.g.*, *Becker v. Sebelius*, 2014 WL 2711958, at *4 (D.N.J. June 14, 2014) (rejecting the argument that the Council should have followed an ALJ's reasoning, because the Council's review is *de novo*) (citing *Balko*, 555 F. App'x at 193); *Ojebuoboh v. Sebelius*, 2012 WL 1932043, at *8 (E.D.N.C. May 29, 2012) ("[T]he [Council] was obligated to conduct a *de novo* review and thus is not bound by any of the earlier decisions").

Meanwhile, Plaintiff fails to cite any decision to the contrary.  P. Reply at 9-10.[5]  Plaintiff's cited cases regarding the standard for appellate review of a trial court's order applying collateral estoppel are inapposite.  Instead, the relevant issue

---

[4] ALJs also perform a "de novo" review.  42 C.F.R. § 405.1000(d).

[5] Plaintiff's reliance on *DeWall* is misplaced, because the court addressed a Medicare rule rather than analyzing section 1395ff(d)(2)(B).  *DeWall Enterprises, Inc., v. Thompson*, 206 F. Supp. 2d 992, 1001 (D. Neb. 2002).  Furthermore, that decision was on a request for a writ of mandamus, was based on equitable factors, and did not finally decide the issue on the merits.  *Id.* at 1001-02.

is whether giving preclusive effect to ALJ decisions would frustrate the Council's statutory duty to review ALJ decisions *de novo*.

At bottom, Plaintiff's assertion of collateral estoppel is incompatible with a plain reading of section 1395ff(d)(2)(B), as well as precedent within and outside this circuit.

### 2.   Plaintiff's application of collateral estoppel is contrary to the Medicare regulations and agency practice.

As noted above, the *de novo* review requirement clearly forbids the application of collateral estoppel.  Although Plaintiff cites cases narrowly focused on congressional intent, none of those cases held that a court should ignore an agency's regulations or practices.  P. Reply at 7-10, 24.[6]  To the contrary, the Third Circuit notes that "[a]ny possible ambiguity in the congressional language may be resolved by reference to agency practice."  *Duvall*, 436 F.3d at 388 (considering a ruling by the agency's board of appeals); *see, e.g.*, *Balko*, 555 F. App'x at 194 (citing a Medicare regulation when interpreting the meaning of the "de novo" review requirement).  The Third Circuit's consideration of agency practices is consistent with several decisions that considered whether ALJ rulings should be given preclusive effect.  *See, e.g.*, *Christenson v. Azar*, 2020 WL 3642315, at *5

---

[6] Plaintiff's addition of emphasis distorts the meaning of these decisions, which did not address agency regulations forbidding the application of collateral estoppel.

(E.D. Wis. July 6, 2020) (finding that the Medicare regulations "reveal an administrative review structure incompatible with applying collateral estoppel at the agency level."); *Hynek v. Astrue*, 2012 WL 460473, at *10 (D. Montana Feb. 13, 2012) (concluding a statute and regulation that "makes no mention of deference to a prior [ALJ] determination" implied that a favorable ruling should not be given preclusive effect.).

      Here, there is no dispute that the Secretary is authorized to define the legal significance that ALJ rulings have in future cases, and so the Secretary's decision *not* to be bound by ALJ rulings is entitled to deference.  D. MSJ Br. at 17-20; *see also Christenson*, 2020 WL 3642315, at *6 (affirming the Secretary's discretion to "decide what stage deserves preclusive effect").  Consistent with the "de novo" review requirement, the relevant Medicare regulations prohibit ALJ decisions from having "precedential effect."  D. MSJ Br. at 13-15.  The lack of "precedential effect" means that any factual findings or legal analysis in ALJ decisions are not binding in future cases.  *See* 42 C.F.R. § 401.109(d); *Taransky*, 760 F.3d at 319 (noting that ALJ decisions do not have legal significance in future cases); *Porzecanski v. Azar*, 943 F.3d 472, 477 (D.C. Cir. 2019) ("Because the review generally binds only the parties unless specifically designated as precedential, a favorable determination in one proceeding does not ensure that future claims will be approved."); *Christenson*, 2020 WL 3642315, at *6 ("If a decision is deemed

not to have "precedential effect" on the *same* parties in the future, it necessarily forecloses when and where collateral estoppel can apply.").[7]

To remove any doubt, the regulations also provide that a decision to depart from an LCD (as the ALJ issuing a favorable decision did here) "applies only to the specific claim being considered."  42 C.F.R. § 405.1062(b).  In sum, the regulations explicitly reject Plaintiff's assertion that a favorable ALJ decision collaterally estops the denial of a future claim.  In addition, the Council has explicitly and repeatedly held that collateral estoppel does not apply to ALJ rulings.  *See, e.g.*, D. MSJ Br. at 28; *Britthaven of Chapel Hill*, DAB No. 2284 (2009) (H.H.S. Nov. 17, 2009) ("We note at the outset that neither the Board nor other ALJs are bound by an ALJ decision.").

Furthermore, the Third, Fourth, Fifth, Seventh, Ninth, and D.C. Circuits have each affirmed the Secretary's discretion *not* to be bound by prior ALJ rulings.  *See* D. MSJ Br. at 20-24.[8]  In *Taransky*, the Third Circuit held that it is "not arbitrary and capricious for the agency's highest body 'to make final determinations that may [be] at odds with prior . . . decisions that did not carry the

---

[7] Plaintiff's discussion of "precedential" federal court decisions is irrelevant, because the term "precedential effect" is defined under the Medicare regulations to prohibit the application of collateral estoppel.  Pl. Reply at 25-26.

[8] Plaintiff's attempt to distinguish certain of these cases on the facts does not disturb their central point that a lower-level adjudicator (such as an ALJ) cannot bind the Secretary.  P. Reply at 26-29.

full imprimatur of the Secretary's authority," such as ALJ decisions.  760 F.3d at

319 (quoting *Almy*, 679 F.3d at 311).  The sentence in *Almy* immediately preceding

the Third Circuit's quotation states that lower-level decisions cannot deprive the

Secretary of the authority to determine when a device is reasonable and necessary

"*any more than the diverse decisions of district courts or courts of appeals*

*throughout the country could bind the Supreme Court*."  760 F.3d at 311 (emphasis

added).[9]

Accordingly, under *Duvall*, Plaintiff's application of collateral estoppel

would be inconsistent with agency regulations and agency practices, and would

thus impermissibly "impede the effective functioning of the agency."  *Id.* at 387-

88.  The Third Circuit's determination that ALJ rulings are not binding in future

claim appeals also conclusively disposes of Plaintiff's collateral estoppel

argument.  *Taransky*, 760 F.3d at 319.

### B.    Plaintiff has Failed to Satisfy the Elements of Collateral Estoppel.

Even if favorable ALJ decisions were capable of preclusive effect (which

they are not), the elements of collateral estoppel are absent here.  The *identical*

issue was not previously litigated.  In order to have an identity of issues in separate

claim appeals, an earlier decision must have found that Medicare coverage broadly

---

[9] Plaintiff's attempt to distinguish *Almy* on the facts is misguided (P. Reply
at 24-25), as the Fourth Circuit addressed the same legal issue presented here.

exists for TTFT.  Plaintiff, however, does not dispute that ALJ Gulin's favorable ruling was limited to the "dates of service" at issue.  AR at 3191; D. MSJ Br. at 25-26.  The ALJ also recognized that he was only authorized to decline to follow the LCD for the "particular case" before him.  *Id.* at 3190.

Plaintiff's choice to file claim appeals meant that any favorable decision would not have preclusive effect.  If Plaintiff preferred, she could have challenged the LCD or petitioned CMS for a National Coverage Determination under entirely separate channels of review.  D. MSJ Br. at 25-26.  She could have thus obtained a binding determination as to whether TTFT is a covered Medicare benefit, which would address her concern about re-litigating that issue in the future.  Instead, Plaintiff *chose* to seek the limited relief available in a claim appeal and "cannot circumvent" the "distinct path provided for beneficiaries to secure broader coverage determinations" by asserting that a successful claim appeal has the same broad and binding effect as a local or national coverage determination. *Porzecanski*, 943 F.3d at 486, 486 n.12.

Furthermore, there is no evidence that the Secretary participated or acted as a party in any of Plaintiff's claim appeals.  And so there was no adversarial hearing that supports the application of collateral estoppel.  *See Regions Hosp. v. Shalala*, 522 U.S. 448, 463–64 (1998) ("[a]bsent actual and adversarial litigation . . . principles of [collateral estoppel] do not hold fast."); *Astoria*, 501 U.S. at 107 (the

purpose of applying collateral estoppel to final agency determinations is "the sound and obvious principle of judicial policy that a losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings . . . ."); *see, e.g.*, *Christenson*, 3642315, at *6 ("An ALJ hearing where only the claimant appeals to the adjudicator does not lend itself to a process that fully vets the issues as they are in an adversarial courtroom with multiple third parties.  And a decision that by default does not bind the same parties in a future claim on the same issue is more tentative than final.").

Meanwhile, Plaintiff's "materiality" argument misses the mark.  P. Reply at 12-13.  The issue here is not whether Plaintiff's condition changed on a month-to-month basis; it is instead that the ALJ rulings were expressly limited to certain time periods, never adjudicated whether coverage existed at other time periods, and lacked authority to determine that coverage existed for future claims.

**C.    The Doctrine of Changed Circumstances Bars Plaintiff's Assertion of Collateral Estoppel.**

There is no dispute that collateral estoppel does not apply when "'controlling facts or legal principles have changed significantly since the [prior] judgment.'" *Karns v. Shanahan*, 879 F.3d 504, 514 (3d Cir. 2018) (alteration in original) (quoting *Montana v. United States*, 440 U.S. 147, 155 (1979)).  The doctrine of changed circumstance prevents the allocation of collateral estoppel both as to the claim on appeal and on a going-forward basis.

13

1.    **The doctrine of changed circumstances prevents the application of collateral estoppel to the claim on appeal.**

Plaintiff asserts that the doctrine of collateral estoppel is being invoked *only* as to ALJ Glaze's unfavorable decision.  P. Reply at 18.  However, the controlling facts changed significantly between the time of ALJ Gulin's prior favorable decision (considering Sept. - Nov. 2017 dates of service; AR at 3186-91) and ALJ Glaze's subsequent unfavorable decision (considering Dec. 2017 – Feb. 2018 dates of service; AR at 2574-78).  In particular, ALJ Gulin found that Plaintiff's GBM was newly-diagnosed based on the medical evidence before him (AR at 3187, 3191), while ALJ Glaze determined that Plaintiff's GBM was recurrent based on the subsequent medical evidence (AR at 2577).  Although Plaintiff disagrees with ALJ Glaze's finding, Plaintiff makes no attempt to show that the ALJ's interpretation of the medical evidence was not supported by substantial evidence. *See* AR at 2577 (analyzing Plaintiff's medical records).  Given that Plaintiff has failed to carry her burden on appeal, ALJ Glaze's decision should be affirmed.

Meanwhile, Plaintiff's attempt to compare the various ALJ rulings is based on inadmissible evidence (*see infra* § III.E) and is contrary to the standard of review under section 405(g).  P. Reply at 22-23.  The substantial evidence test requires that ALJ Glaze's ruling be reviewed on its own merits, not by comparison to the rulings of other ALJs.  *See Int'l Rehab. Sci. Inc. v. Sebelius*, 688 F.3d 994, 1002 (9th Cir. 2012) (The substantial evidence "standard requires the district court

14

to determine whether the agency decision on direct review is supported by substantial evidence.  It does not give the district court license to compare the agency decision on direct review with other agency decisions not on review and determine which is supported by more substantial evidence.  That would be tantamount to de novo review, which is not the standard.").  It would be reversible error for the Court to consider the findings of other ALJs when considering whether ALJ Glaze's ruling was supported by substantial evidence.  *See Taransky*, 760 F.3d at 319 (permitting lower-level agency rulings that reach different conclusion); *Int'l Rehab.*, 688 F.3d at 1001 (9th Cir. 2012) (reversing a district court decision that "incorrectly measured agency inconsistency across" ALJ decisions).

### 2. The doctrine of changed circumstances prevents the application of collateral estoppel on a going forward basis.

Plaintiff repeatedly disclaims that she is seeking any form of prospective relief, and asserts that collateral estoppel only applies as to the instant claim on appeal.  P. Reply at 17-19.  Nevertheless, Plaintiff asserts that, "if collateral estoppel is not applied, Mrs. Piekanski alone could be the source of four (4) cases on this Court's docket each year."  P. Reply at 32.  Although Plaintiff's position is a moving target, her concern about future litigation is baseless.  There was a significant change between the 2014 LCD, which categorically denied coverage for TTFT treatment, and the 2019 LCD, which allowed coverage of TTFT under

15

certain circumstances.  *See* D. MSJ Br. at 8.  Accordingly, ALJ Gulin's favorable

ruling, which departed from the 2014 LCD, could not be used to estop any future

claim denial under the 2019 LCD.  Plaintiff's concern about repeated litigation is

also purely hypothetical given that the 2019 LCD has been in effect since

September 1, 2019, and her recent claims have apparently been approved.

### D.   It would be Unfair to Apply Collateral Estoppel Offensively against the Secretary.

The Court should exercise its discretion not to apply offensive collateral

estoppel against the Secretary based on a single un-appealed ALJ decision.

Plaintiff does not dispute that the Secretary would have no reason to expect that a

favorable ALJ ruling could have preclusive effect in future cases, because that

outcome would be contrary to the Medicare statute and regulations, Supreme Court

precedent, and many circuit level-decisions.  D. MSJ Br. at 30; *see Christenson*,

2020 WL 3642315, at * 7 ("In delegating the authority to HHS to oversee an

internal review of Medicare determinations, Congress afforded the Secretary the

discretion to decide where issue preclusion applies. The Secretary's position and

its regulations determining when decisions are binding on the same parties in the

future are not an unreasonable abuse of its discretion to carry out this task.").

Indeed, Plaintiff fails to cite any decision holding that ALJ decisions are binding

upon the Secretary.

Furthermore, Plaintiff fails to show that her application of collateral estoppel

16

is consistent with the unique circumstances surrounding Medicare claim appeals, in which a patient's medical condition, prescribed treatment, and accepted medical practices are constantly changing.  D. MSJ Br. at 30-31; *Christenson*, 2020 WL 3642315, at \*7 ("Solely because [collateral estoppel] applies in some administrative contexts, however, does not mean it applies elsewhere. Medicare's labyrinth review system and myriad regulations suggest an administrative scheme unlike others.").  Plaintiff also concedes that collateral estoppel could only run against the Secretary – not against beneficiaries – contrary to decades of Supreme Court precedent that the United States should be *less* susceptible to collateral estoppel than would private litigants.  D. MSJ at 31.

Given that the foregoing arguments are undisputed, the Court need not reach the issue of "appeal volumes" in order to find that the application of collateral estoppel is unfair to the Secretary.  Nevertheless, it remains undisputed based on data submitted by *Plaintiff* that there were 578,683 ALJ appeals pending in FY 2018, and 417,198 ALJ appeals pending in FY 2019.  *See* Dkt. No. 57-3 ("Medicare Appeals Dashboard").  An additional 62,762 ALJ appeals were received in FY 2018, and 43,887 ALJ appeals were received in FY 2019.  *Id.* According to *Plaintiff*, approximately 5,000 of the appeals filed each year are for

17

Medicare beneficiaries. *See* Dkt. No. 52 at 9.[10]  Based on the same data that

Plaintiff proffers, the *Christenson* court held:

> The Secretary argues that it is administratively impossible to attend
> each ALJ hearing, noting that there were over 650,000 appeals pending
> as of September 2016. . . . Plaintiffs dispute this figure, contending
> there are significantly fewer beneficiary ALJ appeals filed annually
> (5,148 in 2019), but the court accepts that even several thousand
> beneficiary appeals filed annually makes it virtually impossible for the
> Secretary to be represented at every ALJ-level hearing.

*Id.* at *7.

Although Plaintiff focuses on the number of ALJ appeals where the

beneficiary was represented, that data is not needed to render a decision.  P. Reply

at 19-21; *see* Dkt. No. 55 (staying discovery until after resolution of the dispositive

motions).  Any of those beneficiaries had the right to choose whether to be

represented, and the Secretary has no control over a beneficiary's choice to obtain

representation.  42 C.F.R. § 498.40.  The policy reasons expressed in *Parklane* and

*Mendoza*—namely that the Secretary is party to a far greater number of cases than

any private entity and does not devote precious resources to litigating those

appeals—militate against the application of collateral estoppel to ALJ decisions.

D. MSJ Br. at 27-29.  Those concerns are not alleviated by mutual collateral

estoppel, because the Secretary would be forced to devote Medicare resources to

---

[10] Plaintiff has not identified any "non-record" evidence that the Secretary
purportedly relied upon and can hardly complain about citations to evidence she
introduced.  *See* P. Reply at 20-21.

actively litigate each ALJ appeal to avoid the risk that a beneficiary would be entitled to coverage in perpetuity.

**E.    Plaintiff's Irrelevant Evidence and Argument Outside of the Administrative Record are Inadmissible.**

**1.    Plaintiff's subsequent favorable decisions are inadmissible.**

The Secretary moved to exclude Plaintiff's subsequent favorable decisions, which are dated six months to one year *after* the unfavorable decision presently on appeal. *See* D. MSJ Br. at 32-35; Exs. D-F to Pl. Br. [Dkt. No. 28].[11]  In response, Plaintiff argues that the Administrative Record contains the subsequent favorable decisions and thus they should be considered.  Pl. Reply at 4-5.

It is undisputed, however, that Plaintiff's subsequent favorable decisions were not before ALJ Glaze at the time he rendered the unfavorable decision presently on appeal.  D. MSJ Br. at 34.  Nor were the subsequent favorable decisions included in Plaintiff's appeal to the Council.  *See* AR at 2566-2584. Instead of awaiting a decision by the Council, Plaintiff included certain subsequent favorable determinations in her request to escalate this appeal to *federal court*.  AR at 2459.  Accordingly, the subsequent favorable decisions were not before any

---

[11] ALJ Glaze's unfavorable ruling on appeal is dated January 18, 2019. Plaintiff's *subsequent* favorable decisions are dated June 4, 2019, September 13, 2019, and January 29, 2020.  Given that the January 29, 2020 decision is nowhere in the administrative record, there is no dispute that it should be excluded.  *See* P. Reply at 5.

administrative body that actually rendered a decision on Plaintiff's claim appeal.

Plaintiff ignores decisions by the Third Circuit, as well as this Court, which

mandate the exclusion of documents that were not before the ALJ at the time of his

decision.  *See* D. MSJ Br. at 32-33 (citing *Matthews v. Apfel*, 239 F.3d 589, 593-94

(3d Cir. 2001); *Sturges v. Colvin*, 2014 WL 1682021, at *4, *4 n.12 (M.D. Pa. Apr.

28, 2014) (Mariani, J.); *Johnson v. Berryhill*, 2018 WL 7813741, at *5 (E.D. Pa.

Dec. 19, 2018)).[12]  Plaintiff also ignores case law holding that it is improper to take

judicial notice of her subsequent favorable opinions.  D. MSJ Br. at 33 n.16.[13]

Given that the subsequent favorable decisions are inadmissible, so too are

Plaintiff's purported "facts" regarding these decisions.

### 2. Plaintiff's subsequent favorable decisions are irrelevant to collateral estoppel

Even if Plaintiff's subsequent favorable decisions were admissible, which

they are not, they would still be irrelevant to her collateral estoppel argument.  For

collateral estoppel to apply, the identical issue must have been "previously

---

[12] The Third Circuit rejects Plaintiff's expansive interpretation of the phrase "pleadings and transcript of the record," explaining as follows:  "For purposes of judicial review, the 'record' is 'the evidence upon which the findings and decision complained of are based.'" 42 U.S.C. § 405(g) (Sentence Three).   That is the information that was before the ALJ, the final administrative decisionmaker when the Appeals Council denies review." *Apfel*, 239 F.3d at 593-94.

[13] As noted in the Secretary's opposition brief, cases discussing judicial notice that did not arise under section 405(g) are irrelevant.  D. MSJ Br. at 34 n.17; P. Reply at 3 (citing decisions concerning immigration and tribal issues).

adjudicated" in a "prior action."  *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006).  It is obvious, therefore, that a subsequent decision cannot collaterally estop an earlier decision.  Nor does Plaintiff cite any authority for the proposition that a subsequent ALJ decision could somehow estop ALJ Glaze's decision during the pendency of its appeal.  P. Reply at 3-5.  Indeed, the Third Circuit has held that the pendency of an appeal does not disturb a decision's potential for preclusive effect.  D. MSJ Br. at 34 (citing *United States v. 5 Unlabeled Boxes*, 572 F.3d 169, 175 (3d Cir. 2009)).

Meanwhile, Plaintiff cites phrases from inapposite cases in support of this absurd proposition that a later decision can estop an earlier one.  P. Reply at 3-4. The paragraph that Plaintiff cites from *Adkins* actually states:

> Parallel state and federal litigation is common. The first to reach final decision can affect the other, either through rules of claim and issue preclusion (res judicata and collateral estoppel) or through effects such as reducing the scope of a class from 50 to 49 states. Yet the potential effect of one suit on the other does not justify an injunction.

*See Adkins v. Nestle Purina Petcare Co.*, 779 F.3d 481, 484 (7th Cir. 2015).

Obviously, the rules concerning parallel state and federal litigation are not at issue here.  Likewise, the relevant paragraph from *Rashid* states:

> The final argument by plaintiff is that the ruling in the criminal action cannot affect the resolution of the instant civil action as the instant action was commenced before the criminal action. The problem with this argument is that the collateral estoppel effect of a judgment is determined by the timing of the judgment, not by the timing of the complaint which led to the judgment.

*Rashid v. Hazleton*, 1996 WL 114809, at *4 (E.D. Pa. March 14, 1996).  Again, parallel civil and criminal actions are not at issue here.  Nor are parallel civil actions at issue.  *See Chicago, R.I. & P. RY, Co., v. Elder*, 270 U.S. 611 (1926).  The Medicare appeals context is far different from civil litigation, where the same issue might be pending before different courts; here, each claim appeal was channeled through the administrative appeals process and concerned different dates of service.  Nor were there any "parallel" administrative appeals here.  ALJ Glaze's unfavorable ruling was reduced to judgment before Plaintiff's subsequent claims were even presented to an ALJ.[14]  Accordingly, the ALJ could not be bound by decisions that were issued at least six months later.

### 3.    Plaintiff's unsupported assertions should be excluded.

Plaintiff offers a long discussion concerning the 2014 LCD and the circumstances leading to the 2019 LCD that is utterly devoid of citations.  P. Reply at 16.  Although Plaintiff points to an ALJ decision, she does not attach that decision to her filing, which, in any event, would necessarily be excluded as outside the administrative record.  Accordingly, Plaintiff's unsupported assertions should be excluded.

---

[14] *See* P. Exs. E (hearing request received on March 28, 2019); D (hearing conducted August 7, 2019); F (hearing request received November 7, 2019).

**F.     Plaintiff has Abandoned all Claims other than Collateral Estoppel.**

Plaintiff has both expressly and implicitly abandoned any challenge to the merits of the denial of her TTFT claim.  Plaintiff chose to move for summary judgment before the Certified Administrative Record was filed, arguing that the resolution of this case "turns *solely on an issue of law*"—collateral estoppel.  Dkt. No. 28-15 at 1.  Plaintiff's opening brief did not discuss any other causes of action or legal bases for appeal.  Plaintiff's brief also did not: (i) seek "partial" summary judgment on collateral estoppel; (ii) reserve her right to separately address the merits of the administrative decisions; or (iii) seek to bifurcate the collateral estoppel issue from the merits.  Meanwhile, Plaintiff's response makes the perfunctory statement that she has not abandoned a challenge on the merits, but makes no attempt to develop that assertion, much less actually dispute the merits of ALJ Glaze's decision.  P. Reply at 1, 31.

This Court is sitting in an appellate fashion, and it is well-established that "an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal."  *See United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005).  Plaintiff's attempt to file successive summary judgments would also generally be disallowed before a trial court.  *See Ware v. Hosp. of the Univ. of Pa.*, 2016 WL 4702117, at *7 (E.D. Pa. Sept. 8, 2016) (courts "do not approve in general the piecemeal consideration of successive motions for summary judgment,

since defendants might well normally be held to the requirement that they present their strongest case for summary judgment when the matter is first raised.") (citation omitted).  Nothing prevented Plaintiff from arguing the merits of the decision on appeal in her opening brief.  *See Brown v. City of Syracuse*, 673 F.3d 141, 147 n.2 (2d Cir. 2012) (recognizing that "successive motions for summary judgment may be procedurally improper if the arguments in the second motion could have been raised in the first motion").  Accordingly, the Court's ruling on collateral estoppel should be fully dispositive of this litigation.

## CONCLUSION

For the foregoing reasons, the Secretary respectfully requests that the Court grant his cross-motion for summary judgment and deny Plaintiff's motion for summary judgment.

Respectfully submitted,


DAVID J. FREED
United States Attorney


/s/ Eric S. Wolfish
ERIC S. WOLFISH
Special Assistant United States Attorney
United States Department of Health and
Human Services
Office of the General Counsel, Region III
801 Market Street, Suite 9700
Philadelphia, PA 19107-3134
Email: eric.wolfish@hhs.gov
Phone: (215) 861-4511
Fax: (215) 861-4462


/s/ Navin Jani
NAVIN JANI
Assistant U.S. Attorney
228 Walnut Street
Suite 220
Harrisburg, PA 17108
(717) 221-4482
(717) 221-2246 (Facsimile)
navin.jani@usdoj.gov


Dated:   October 2, 2020

## <u>CERTIFICATION BY COUNSEL PURSUANT TO LOCAL RULE 7.8(b)(2)</u>

I, Eric S. Wolfish, hereby certify that this brief, exclusive of the Table of Contents, Table of Authorities, and Signature Block, is less than 30 pages pursuant to the Order dated September 30, 2020.

<u>/s/ Eric S. Wolfish</u>
ERIC S. WOLFISH
Special Assistant United States Attorney

Dated: October 2, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, a true and correct copy of the foregoing

Reply in Support of the Secretary's Cross-Motion for Summary Judgment was

served upon all counsel of record through the Court's CM/ECF system.


/s/ Eric S. Wolfish
ERIC S. WOLFISH
Special Assistant United States Attorney


Dated: October 2, 2020