# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAUREEN PIEKANSKI, *Plaintiff*, v. ALEX M. AZAR II, in his official capacity as Secretary of the United States Department of Health and Human Services, *Defendant*. | No. 3:20-CV-00687 (Judge Mariani) (Magistrate Judge Carlson) (Electronically Filed) |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DENY DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT; OR TO STRIKE DEFENDANT'S FACTUAL ASSERTION PURSUANT TO F.R.C.P. 56(d)

DAVID J. FREED
United States Attorney

ERIC S. WOLFISH
Special Assistant United States Attorney
United States Department of Health
and Human Services
Office of the General Counsel, Region III
801 Market Street, Suite 9700
Philadelphia, PA 19107-3134
(215) 861-4511
eric.wolfish@hhs.gov

NAVIN JANI
Assistant U.S. Attorney
228 Walnut Street
Suite 220
Harrisburg, PA 17108
(717) 221-4482
navin.jani@usdoj.gov

*Attorneys for Defendant*

## I. INTRODUCTION

Plaintiff's "Motion to Deny Defendant's Cross-Motion for Summary Judgment; Or To Strike Defendant's Factual Assertion Pursuant To F.R.C.P. 56(d)" ("P. Mot.") should be denied, because the Court has already denied the relief that it seeks. In response to the Secretary's Motion for Protective Order [Dkt. No. 51], the Court ordered that "discovery shall be stayed pending resolution of the outstanding dispositive motions in this case." Dkt. No. 55 (the "Order"). The Court also denied the Secretary's motion to stay [Dkt. No. 32], and ordered that the parties "will fully brief, and court will address and resolve all pending and potentially dispositive motions on the record presently before us." *Id.* Accordingly, Plaintiff's request that "these proceedings [be] stayed to allow for discovery" has already been rejected. *See* P. Mot. at 1. The Court has already determined that it is able to rule on summary judgment without Plaintiff's requested discovery. *See id.* at 3-5.

Meanwhile, Plaintiff still fails to identify the objectionable "non-record evidence" that the Secretary purportedly relies upon. P. Mot. at 5; *see* Defendant's Reply to its Motion for Protective Order [Dkt. No. 53] at 3-4 ("D. Reply"). Indeed, Plaintiff attaches the same data cited in Defendant's summary judgment brief to its own reply brief. *See* Dkt. No. 57-3. Accordingly, Plaintiff's request to strike a portion of Defendant's brief should be denied.

## II.     ARGUMENT

Plaintiff's Rule 56(d) motion stems from its request for discovery regarding highly-granular ALJ-level appeal data.  However, Plaintiff continues to ignore binding Third Circuit law holding that the Federal Rules of Civil Procedure should not be "imported into the administrative adjudication scheme," and that the discovery it seeks is not available in section 405(g) appeals.  *See* D. Reply at 1-3 (citing *Hummel v. Heckler*, 736 F.2d 91, 93 (3d Cir. 1984); *NVE v. Dep't of Health & Human Servs.*, 436 F.3d 182, 195 (3d. Cir. 2006)).[1]  There are no facts "unavailable" to the Plaintiff, because this appeal must be decided on the administrative record, and the district court has no fact-finding role.  *Hummel v. Heckler*, 736 F.2d 91, 93 (3d Cir.1984) ("Because the district courts have no factfinding role in [section 405(g)] cases, those cases are ordinarily disposed of on cross-motions for summary judgment made presumably under Fed. R. Civ. P. 56(a), (b).").  Accordingly, the *Hummel* court recognized that, in cases arising under section 405(g), Rule 56(d) motions are "rare," and discovery should only be granted as to the possible bias of an ALJ.  *Id.* at 93.[2]

Furthermore, Plaintiff's affidavit fails to satisfy the requirements of Rule

---

[1] Plaintiff's cited cases regarding when Rule 56(d) motions should be granted do not arise under section 405(g) and are inapposite.  P. Mot. at 2.

[2] At the time, Rule 56(d) was located in subsection (f).  *See* Committee Notes on Rules – 2010 Amendment ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f).").

2

56(d) because it does not specify how the data it seeks would "preclude summary judgment." *See Shelton v. Bledsoe*, 775 F.3d 554, 568 (3d Cir. 2015) (citation omitted).  The parties have each cited publicly-available data regarding the number of annual ALJ appeals, and the Eastern District of Wisconsin was able to render a summary judgment decision based upon that data.  *Christenson v. Azar*, 2020 WL 3642315 (E.D. Wis. July 6, 2020).  Finally, the volume of ALJ appeals is but one of several reasons why collateral estoppel should not be used offensively against the Secretary in Medicare claim appeals.

## III.     CONCLUSION

For the foregoing reasons, Plaintiff's Rule 56(d) motion for should be denied.

Respectfully submitted,

DAVID J. FREED
United States Attorney

/s/ Eric S. Wolfish
ERIC S. WOLFISH
Special Assistant United States Attorney
United States Department of Health and Human Services
Office of the General Counsel, Region III
801 Market Street, Suite 9700
Philadelphia, PA 19107-3134
Email: eric.wolfish@hhs.gov
Phone: (215) 861-4511
Fax: (215) 861-4462

/s/ Navin Jani
NAVIN JANI
Assistant U.S. Attorney
228 Walnut Street
Suite 220
Harrisburg, PA 17108
(717) 221-4482
(717) 221-2246 (Facsimile)
navin.jani@usdoj.gov

Dated:   October 2, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, a true and correct copy of the foregoing Response to Plaintiff's Motion to Deny Defendant's Cross-Motion for Summary Judgment; Or To Strike Defendant's Factual Assertion Pursuant To F.R.C.P. 56(d) was filed and served upon all counsel of record through the Court's CM/ECF system.

/s/ Eric S. Wolfish
ERIC S. WOLFISH
Special Assistant United States Attorney

Dated: October 2, 2020